# Exhibit 1



**U.S. Department of Justice**

Executive Office for Immigration Review

*Office of the Director*

---

*Director*

5107 Leesburg Pike, Suite 2600
Falls Church, Virginia 22041

TO:             All EOIR Employees

FROM:           Sirce Owen, Acting Director    SIRCE OWEN    Digitally signed by SIRCE OWEN
Date: 2025.02.19 15:08:32 -05'00'

DATE:           February 19, 2025

SUBJECT:        EOIR Return-to-Office Policy

## I. Purpose

The purpose of this memorandum is to provide information on EOIR's implementation of the President's January 20, 2025, Presidential Memorandum, *Return to In-Person Work*, and to establish EOIR's Return-to-Office Policy.

## II. Scope and Applicability

This memorandum applies to all federal employees within EOIR.[1] It does not apply to contractors. EOIR's Return-to-Office Policy is to be interpreted consistent with any applicable Presidential Proclamation or Executive Order or Department of Justice policy. In the event of any conflict between this policy and those directives, the directives will control.

## III. Responsibilities

All EOIR employees are responsible for complying with the provisions set forth in this policy. Each component shall report that they are in compliance with this policy, with the exception of Section IV(B)(b), by February 24, 2025. Components shall report that they are in compliance with the entirety of this policy by May 5, 2025. Further, each component shall establish a tracking mechanism that accurately and completely reflects any exceptions or transfer requests granted pursuant to this policy.

---

[1] This memorandum does not affect an employee's option to have a Compressed Work Schedule (CWS) or Flexible Work Schedule (FWS) as permitted by management.

**IV. Policy and Procedures**

    **A. Telework Employees**

Unless subject to an exception or special circumstance in part V below, the following provisions apply to all employees with a current telework agreement in force. All employees who are currently on a telework agreement are required to return to the office full-time in person, effective February 24, 2025, in accordance with the Attorney General's February 5, 2025, Memorandum, *Return to Full-Time In-Person Work at the Department of Justice*.

Employees will continue to report to the same EOIR agency worksite they have been reporting to under their current telework agreement. If there is an EOIR worksite closer to the employee with available space, the employee may request to report to that worksite instead; however, management has the sole discretion to grant such a request, and no employee is entitled to have such request granted. Each component should designate at least one management official to consider and facilitate such requests.

All current telework agreements shall be terminated as of February 24, 2025. New telework agreements should be executed by February 24, 2025, to reflect that, consistent with *DOJ Policy Statement 1200.01: Telework*, employees will be permitted to telework on an ad hoc/situational basis only (e.g., telework necessitated by inclement weather, national emergencies, special work assignments, allowing closer proximity to polls to vote on election days, etc.).

    **B. Remote Employees**

Unless subject to an exception or special circumstance in part V below, the following provisions apply to all employees with a current remote work agreement in force.

        **1. Current worksite within 50 miles of an EOIR worksite**

All employees who are currently on a remote agreement and whose official worksite[2] as documented on the Standard Form 50, Notification of Personnel Action, is within 50 miles of an EOIR agency worksite are required to return to the office full-time in person, as soon as office space is made available, but no later than May 5, 2025.

All worksite selections are subject to availability of space. Employees will report in person to the EOIR agency worksite closest to their current official worksite. If there is no available space at that agency worksite, the employee will report to another EOIR worksite with available space. If the employee will report to another component's worksite, each component should designate a management official within their component to serve as a liaison and to determine any operational impact or other relevant factors.

All current remote work agreements shall be terminated upon a return to office, but no later than May 5, 2025. New telework agreements should be executed before the return to office to reflect, consistent with *DOJ Policy Statement 1200.01: Telework*, that employees will be permitted to telework on an ad hoc/situational basis only (e.g., telework necessitated by inclement weather,

---

[2] The official worksite is the location where the employee regularly performs their duties, and where their work primary activities are based, as determined by the component, and is documented on the Standard Form 50, Notification of Personnel Action. As needed—and to avoid any financial irregularities—any employee who continues to work pursuant to a remote work or full-time telework agreement after this policy is in effect and applicable to that employee will have the employee's Standard Form 50 updated to reflect the employee's actual worksite.

national emergencies, special work assignments, allowing closer proximity to polls to vote on election days, etc.).

### 2. Current worksite outside 50 miles of an EOIR worksite

All employees who are currently on a remote agreement and whose current official worksite, as documented on the Standard Form 50, Notification of Personnel Action, is outside 50 miles of an EOIR agency worksite are required to return to the office full-time in person, no later than May 5, 2025. The employee, in conjunction with component management and subject to approval by the Office of the Director, must identify a DOJ worksite within 50 miles of the employee's current official worksite.

All remote work agreements for employees whose current official worksite is outside 50 miles of an EOIR worksite shall be terminated as of May 5, 2025. New telework agreements should be executed by May 5, 2025, to reflect, consistent with *DOJ Policy Statement 1200.01: Telework*, that employees will be permitted to telework on an ad hoc/situational basis only (e.g., telework necessitated by inclement weather, national emergencies, special work assignments, allowing closer proximity to polls to vote on election days, etc.).

## V. Exceptions to the Full-Time In-Person Work Requirement and Other Special Circumstances

### A, Exceptions

Limited exceptions are available only in the following circumstances:

1. **Disability or Qualifying Medical Condition:** Employees who have an approved reasonable accommodation (RA) based on a disability, the Pregnant Worker Fairness Act, or qualifying medical condition may continue to telework or remote work pursuant to an RA agreement that exempts them from the in-person work requirement only if they cannot perform the work in any office setting with accommodations. EOIR has the ultimate discretion to choose among effective accommodations, and there is no expectation that working from home will be an appropriate reasonable accommodation for most employees.

2. **Compelling Reason:** An employee may be approved for regularly scheduled telework on the basis of another compelling reason certified by the Deputy Attorney General through the Assistant Attorney General for Administration and the EOIR Director or designee.

### B. Special Circumstances

1. **EOIR Employees Subject to a Collective Bargaining Agreement (CBA):** EOIR employees currently authorized for telework or remote work through an extant CBA in effect as of the date of this policy should await further guidance regarding a return-to-office date. As appropriate and if necessary, EOIR may seek to modify any such CBA at the earliest practicable moment to be consistent with this policy.

2. **EOIR Employees Subject to a Judicial or Administrative Settlement:** EOIR employees authorized for telework or remote work pursuant to the terms of a judicial or administrative settlement agreement with EOIR or the DOJ in effect as of the date of

this policy will be recommended by EOIR to continue with such authorization through the duration of the settlement agreement as a "compelling reason" exception. However, the ultimate approval for such continuation lies with the Deputy Attorney General, and if the Deputy Attorney General denies certification of such a case as a "compelling reason" exception, then the employee will be expected to return to work consistent with this policy. In all cases, upon the expiration of the settlement agreement, such employees will be expected to return to in-person work consistent with this policy.

3. **EOIR Employees on Detail Outside of EOIR:** EOIR employees on detail outside of EOIR are subject to the policies of the component to which they are detailed while the detail is in effect. Such employees will become subject to EOIR's Return-to-Office Policy upon the conclusion of their detail and must comply with that policy within three business days of the conclusion of the detail.

4. **Senior Executive Service (SES) Employees:** Any career SES EOIR employee whose duty station is reassigned outside his or her current commuting area pursuant to EOIR's Return-to-Office Policy is subject to certain statutory notice requirements in 5 U.S.C. § 3395(a)(2)(B). Unless those requirements are waived with the written consent of the employee involved, 5 U.S.C. § 3395(a)(2)(B)(ii), EOIR will adhere to those statutory requirements before full compliance with this policy by the employee is expected.